## 𝔎𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### KING V. COMMONWEALTH.

#### March 30, 1920.

1. INTOXICATING LIQUORS — *Forfeiture of Automobile — Purchase—Money Lien.*—Under Acts 1918, p. 612, an automobile used in the illegal transportation of ardent spirits will be forfeited, although there is a lien upon the automobile for a balance of the purchase money. The statute provides that when ardent spirits are being illegally transported in automobiles, the officers shall take possession thereof, and the automobile shall be forfeited to the Commonwealth, and no exception is made in favor of a creditor having a lien on such automobile.

2. INTOXICATING LIQUORS — *Forfeiture of Automobile — Purchase—Money Lien.*—The innocence of the owner of any knowledge of the illegal use to which his vehicle is put is no defense to the forfeiture proceeding under Acts 1918, p. 612. The test of liability is the guilty knowledge of the person in charge, and the same rule applies to one having a lien upon the automobile.

Error to a judgment of the Hustings Court of city of Richmond, in a proceeding for forfeiture of an automobile. Judgment of forfeiture. Intervener assigns error.

*Affirmed.*

The opinion states the case.

*Brockenbrough Lamb,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General* and *Leon M. Bazile,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

[1] This is an information filed under section 57 of the prohibition act (Acts 1918, p. 612) to enforce the forfeiture of an automobile used in the illegal transportation of ardent spirits. There was a judgment of forfeiture, which E. A. King seeks to have reversed because he had a lien on the automobile for the purchase price thereof.

When the information was filed, King intervened, as he had the right to do under the statute, and claimed a lien on the automobile for $550, balance of purchase money. Both parties waived a jury and submitted the case to the judge of the trial court upon the following agreed statement of facts:

"It is admitted that this automobile was used in the illegal transportation of ardent spirits at the time of its seizure, November 29, 1918. It is admitted that E. A. King at that time held a lien for unpaid purchase money, amounting to $550 and interest as set out in his answer, on said automobile, duly docketed prior thereto, that King exercised no control over the automobile at that time, and no part of his debt was then due; that King had no knowledge that the car was unlawfully used and was innocent of the transportation of ardent spirits therein. King sold the automobile to Marinosci on September 17, 1918, as shown by written contract, and the automobile was in possession of said purchaser when seized."

The judgment of the trial court was adverse to King, and he obtained this writ of error.

[2] The statute is very explicit that in a case of this kind, when ardent spirits are being illegally transported in an automobile, the officer shall take possession thereof, and the automobile "shall be forfeited to the Commonwealth." No exception is made in favor of a creditor having a lien on such automobile. In *Landers* v. *Commonwealth*, 126 Va. 780, 101 S. E. 778, we said: "We think it plain that the innocence of the owner of any knowledge of the illegal

use to which his vehicle is put is no defense to the forfeiture proceeding, and that the test of liability is the guilty knowledge of the 'person in charge.'" The same rule applies to one having a lien upon the automobile. If it were otherwise, the forfeiture could easily be rendered ineffective. An owner intending to engage in the illegal enterprise could easily incumber his automobile to practically its full value, and then proceed to violate the statute, or let his automobile for that purpose, without fear of serious pecuniary loss. See *United States* v. *One Saxon Automobile,* 257 Fed. 251, 168 C. C. A. 335.

The other questions raised in the petition for the writ of error are fully answered in *Landers* v. *Commonwealth, supra.*

The judgment of the Hustings Court of the city of Richmond will, therefore, be affirmed.

*Affirmed.*