## Richmond.

## PENNINGTON AND ANOTHER V. COMMONWEALTH.

### March 30, 1920.

1. INTOXICATING LIQUORS—*Forfeiture of Automobile—Presumption as to Rightful Possession.*—Where in a proceeding for the forfeiture of an automobile under the prohibition act, it was an agreed fact that the car was engaged in the transportation of ardent spirits in violation of law, in the absence of any evidence on the subject, it will not be presumed that the person in charge at the time the seizure was made acquired possession by theft or other trespass.

2. INTOXICATING LIQUORS—*Forfeiture of Automobile—Possession of Person in Charge.*—Where it was admitted that the possession acquired from the owner was lawful in the first instance, the fact that this possession subsequently became unlawful will not exempt the car from forfeiture.

3. INTOXICATING LIQUORS—*Forfeiture of Automobile—Possession of Person in Charge.*—The owner of an automobile in Augusta, Georgia, hired the car to one Allen, with the express understanding that the car was not to be taken outside of the State of Georgia. The car was taken by Allen to Virginia and was seized for the illegal transportation of liquor. The owner had no knowledge that the car was taken outside of the State and had never authorized such taking, nor would he have permitted it to be used to haul liquor.

   *Held:* That the car was subject to forfeiture under the prohibition act, notwithstanding Allen's breach of the agreement not to take it outside of Georgia.

4. INTOXICATING LIQUORS—*Forfeiture of Automobile—Lienholder.*—A recorded lien on an automobile for money loaned for the purchase thereof is subordinate to the right of the Commonwealth to have the automobile forfeited for the illegal transportation of liquor. See *King* v. *Commonwealth, ante,* p. 800, 102 S. E. 757.

Error to a judgment of the Hustings Court of city of Richmond, in a proceeding for forfeiture of an automobile. Judgment of forfeiture. Claimant assigns error.

*Affirmed.*

The opinion states the case.

*G. K. Pollock* and *Brockenbrough Lamb,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General* and *Leon M. Bazile,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

This writ of error brings under review a judgment of the Hustings Court of the city of Richmond forfeiting to the Commonwealth an automobile engaged in the illegal transportation of intoxicating liquors. Two persons asserted claims upon the automobile as superior to the Commonwealth's right of forfeiture—F. C. Pennington, as innocent owner, and J. L. Ricker, as a prior innocent lienor. By consent of parties the case was submitted to the decision of the judge of the trial court, without the intervention of a jury. The trial judge decided that the rights of the Commonwealth were superior to and overrode the claims of both Pennington and Ricker, and accordingly gave judgment of forfeiture of the automobile to the Commonwealth. To that judgment this writ of error in this cause was awarded.

The facts agreed, so far as they need be stated, were as follows:

"That the car in question is worth the sum of $1,500.00 and was seized in the city of Richmond while engaged in the transportation of ardent spirits in violation of law. That F. C. Pennington, one of the respondents, is the owner of the automobile, and that the respondent, J. L. Ricker, had a recorded lien on the car for money furnished for the purchase thereof in the sum of $2,100; that the lien was

recorded prior to the seizure of said car, the original lien being filed herewith, in the following words and figures * * *; that said Pennington was engaged in the general automobile for hire business in Augusta, Ga.; that he rented said automobile a few days prior to its seizure to one John Allen for the purpose of delivering books in the State of Georgia, with the express understanding and agreement that the car was not to be taken outside the State of Georgia; that he had no knowledge that the car was taken outside of the State until he learned of its seizure through one Harrison, a friend of Allen's, who was arrested for the illegal transportation of liquor in said car when same was seized; that he never authorized the car to be taken outside the State of Georgia, nor would he have permitted it to be used to haul liquor; that he owed J. L. Ricker the purchase price of said car, $2,100, and executed the lien above detailed, and that no part of the same had been paid said Ricker. That J. L. Ricker, one of the respondents, is a farmer and business man residing near Augusta, Ga.; that he loaned F. C. Pennington the sum of $2,100 for the purchase of the automobile seized herein; that he took a lien thereon and forthwith recorded the same, * * * and that no part of same has been paid him and was still due him; * *"

[1] It is not clear from the foregoing statement who was in charge of the car when it was seized, but it is probable that the word "who" in the sentence, "until he learned of its seizure through one Harrison, a friend of Allen's, who was arrested for the illegal transportation of liquor in said car," was intended to refer to Allen, as no other person is alleged to have been in charge of the car, and the indictment charges that the car was seized by one J. H. Harris, a police officer of the city of Richmond, while ardent spirits were being transported therein. Allen unquestionably acquired possession from the owner lawfully in the first instance, and there is nothing in the record to show

that he ever parted with that possession prior to the seizure. Pennington states in his answer that he leased the car to Allen "during the latter part of January, 1919," and the seizure was made on February 3, 1919; in the facts agreed it is stated that Pennington rented the car to Allen "a few days prior to its seizure; and there is nothing in the record to show that there had been any change in the possession. But we do not regard this as material. It is an agreed fact that the car was "engaged in the transportation of ardent spirits in violation of law," and, in the absence of any evidence on the subject, it will not be presumed that the person in charge at the time of service acquired possession by theft or other trespass.

[2, 3] It was practically conceded in the argument that Allen was in possession at the time of seizure, but relief was sought on the ground that when he took the car out of the State of Georgia in contravention of his contract of hiring, his possession was no longer lawful, and he became a trespasser, and liable for the conversion. We are not concerned with the fact that there was a breach of bailment on the part of Allen, nor with the remedies of Pennington against Allen. The question is, how did Allen acquire possession from the owner? Was it with his consent? Did the owner intrust him with the car? If so, then the owner must suffer the consequence of his misplaced confidence. The question left open in *Landers* v. *Com'th.,* 126 Va. 780, 101 S. E. 778, was what would be the result "where the possession was *acquired from the owner* by theft or other trespass?" That is not this case. Here it is admitted that the possession acquired from the owner was lawful, but exemption is sought because that which in the first instance was lawful subsequently became unlawful. This furnishes no ground for exemption from the forfeiture. The case, in this aspect, is controlled by the decision in *Landers* v. *Com'th, supra.*

It is true that in that case it was said that "if the owner is not a participant in the offense, its liability to forfeiture is dependent upon the guilty knowledge of the person lawfully in charge of the vehicle." The court was there dealing with a case in which the person in charge had acquired possession lawfully from the owner and was "lawfully in charge," and what was said was with reference to the state of facts then before the court; it was not intended to be applicable to such a state of facts as here exists, and, as has been said, "what was not in the mind of the court was not decided."

It is stated in brief of the plaintiff in error, in reference to this case as a proceeding *in rem,* that "intent cannot be imputed to an inanimate object from a person unlawfully in charge thereof. While in the possession of a trespasser a vehicle may by analogy be said to be under duress. The defense is similar in principle to the defense of insanity and requires no exception in the law; absence of a controlling mind negatives intent, a *sine qua non* of crime." If this were true, there could never be a forfeiture, if the bailee did any act amounting to a conversion. If a car is let to a bailee to drive to Petersburg, and the bailee, instead, drives to Fredericksburg, that is a conversion, and yet, if the foregoing argument be sound, there could be no forfeiture if the car were found in Fredericksburg filled with whiskey. The illustration would seem to be a sufficient reply to the argument.

[4] The recorded lien of J. L. Ricker for the money loaned to Pennington is subordinate to the right of the Commonwealth to have the automobile forfeited, as pointed out in *King* v. *Com'th, ante,* p. 800, 102 S. E. 757, decided to-day.

We are of opinion that the judgment of the trial court should be affirmed.

*Affirmed.*