STATE *vs.* WALTER CHOROSKY.

STATE *vs.* BUICK AUTOMOBILE, WALTER CHOROSKY, Claimant.

York.    Opinion March 1, 1923.

*In a complaint alleging unlawful possession of intoxicating liquors, and also
alleging illegal transportation of intoxicating liquors, if the language setting
out either offense is insufficient, it may be rejected as surplusage,
and the complaint held good as to the other offense.   An   automobile
carrying intoxicating liquors intended for unlawful sale, having
arrived at point of destination, but not unloaded, is subject
to seizure.   All defects are waived except such as are
raised by bill of exceptions.*

The complaint in this case contains two counts, the first charging the respondent with the commission of an offense under Chapter 137, R. S., and the second setting forth the grounds for the issuing of a warrant for the seizure of certain intoxicating liquors and an automobile which is an entirely separate proceeding from that against the respondent.

The first count while containing an allegation of having in possession intoxicating liquors cannot be sustained as a charge of unlawful possession, because the place where the liquors were alleged to be kept was not sufficiently described.

It does contain, however, all the necessary allegations of a charge for illegal transportation, and it was upon this charge that the respondent was tried. The allegation of keeping and depositing the liquors may be rejected as a surplusage.

The evidence warranted the submission of the case to the jury on charge of illegal transportation as the question of whether the automobile was properly seized has no bearing on his guilt upon the offense charged.

As to the exceptions presented in the proceeding upon the libel, it is only the issues raised by the bill of exceptions which this court may consider.   In the relief sought in this court the claimant must be confined to his bill of exceptions and be held to have waived all other defects.

The ground of the seizure is not that of unlawfully keeping and depositing but of unlawfully transporting intoxicating liquors.   The grounds of the seizure set forth in the second count of the warrant are insufficient, but not for the reasons set forth in the claimant's bill of exceptions.

An automobile which has reached the end of its journey, but is not unloaded, that is, its load still remains to be delivered, may still be considered as being used for the transportation of its contraband cargo.

The evidence was, therefore, properly submitted to the jury even if the seizure of automobile was based upon the allegations in the first count.

On exceptions. On the twenty-ninth day of November, 1921, the respondent was on his way from some point in Massachusetts to his home in Biddeford in his Buick automobile, having in his automobile alcohol and Jamaica Ginger intended for unlawful sale. He called at a garage in Kennebunk to obtain some gasoline, and while there the officers without a warrant seized the liquors and car and arrested the respondent, afterward procuring a warrant from a local Trial Justice, and on a hearing respondent was found guilty and the car ordered forfeited, and an appeal was taken to the Supreme Judicial Court, where the case was tried to a jury and respondent was found guilty and the car ordered forfeited. Exceptions during the trial were taken by respondent to refusals to rule as requested, and also to several rulings of the presiding Justice. Exceptions overruled. Judgment for the State. In the second case, exceptions overruled. Automobile ordered forfeited to the county of York.

The cases are fully stated in the opinion.

*Edward S. Titcomb, County Attorney,* for the State.

*Leroy Haley and Charles T. Read,* for respondent.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J. These two cases, one a charge against the respondent either for unlawfully having in possession intoxicating liquors or for unlawfully transporting the same in this State; the other a proceeding in rem for the forfeiture of the automobile in which it is claimed intoxicating liquors were being unlawfully transported, grew out of the same state of facts, were argued together and may be disposed of in one opinion.

On the twenty-ninth day of November, 1921, the respondent was on his way from some point in Massachusetts to his home in Biddeford in his Buick automobile in which he was transporting nine gallons of alcohol and twenty-seven bottles of Jamaica Ginger. No con-

tention is now raised that the liquors were not intended by the respondent for unlawful sale in this State, and the evidence was ample on this point to warrant the jury's verdict.

At some point in the town of Kennebunk the respondent missed his way and finally called at a garage in the rear of Greenleaf's Hotel, so called, in Kennebunk, for a supply of gasoline and while there the officers without a warrant seized the liquors and car and arrested the respondent following which warrant was obtained from the local Trial Justice on which the liquors and car were formally seized and the respondent arrested and brought before the Trial Justice for hearing. At the hearing the respondent was found guilty, though the record does not show of what offense, and the car was ordered forfeited.

On appeal the respondent was tried on the complaint, and a hearing was had on the libel against the automobile, in which proceedings the respondent had appeared as a claimant before the Trial Justice.

COMPLAINT.

At the trial on the complaint in the Supreme Judicial Court the respondent at the opening of the trial requested the court to rule that the proceedings against the respondent were upon the ordinary search and seizure process under Secs. 29 and 30 of Chap. 127, R. S., and that the complaint did not sufficiently set out the "place to be searched, and where the property seized was found."

The court refused to so rule and held that the complaint charged the respondent with the illegal transportation of intoxicating liquors.

The respondent then asked the court to rule that as a complaint charging the respondent with the illegal transportation of intoxicating liquors it did not sufficiently set forth that the respondent "knowingly transported intoxicating liquors" in violation of law. The court refused this request.

At the conclusion of the State's case the respondent requested the court to rule that the evidence was not sufficient to warrant a verdict of guilty, and the court also refused this request.

To these refusals to rule and rulings the respondent excepted, and so the case against the respondent is before this court on these several exceptions.

The complaint contains two counts, the first undertaking to charge the respondent with the commission of an offense under the statutes

and the second setting forth the grounds for the issuing of a warrant for seizure of the liquor and automobile which is an entirely separate proceeding, and both counts being unskilfully drawn. The first contains terms appropriate for a charge of unlawfully having in possession intoxicating liquors, but wholly unnecessary in alleging unlawful transportation. It could not be sustained as a charge of unlawfully having in possession intoxicating liquors because the place where the liquors are alleged to have been kept is insufficiently described. It does, however, contain all the necessary allegations of a charge of illegal transportation, though not in commendable form. The unnecessary allegations of keeping and depositing the liquors in the automobile may be rejected as surplusage, the remainder of the count alleging in substance that the automobile described was then and there being used by the respondent to "knowingly transport intoxicating liquors" between certain points in the town of Kennebunk, viz.: from the intersection of Main and Dane Streets to Greenleaf's Hotel on Summer Street, intending the liquors to be sold in this State in violation of law, and further containing the necessary allegation that the automobile was not then being used in the business of common carrier. The first two exceptions, therefore, must be overruled.

As to the third exception to the refusal to rule that the evidence is not sufficient to warrant a verdict of guilty, or in effect to direct a verdict for the respondent, the only question raised is whether the evidence is sufficient to warrant a conclusion that the liquors were transported by the respondent between the points named in the complaint. The evidence on this issue was sufficient to be submitted to the jury. The question of whether the automobile was properly seized, that is, while being so used, has no bearing on this point, *State* v. *Schoppe*, 113 Maine, 10; hence the third exception in this case must also be overruled.

LIBEL.

In the proceedings on the libel against the automobile in which the respondent appears as claimant, the case also comes before this court on exceptions which are as follows: The claimant asked the court to rule that such proceedings *in rem* cannot be maintained unless based upon a legal seizure, and that the warrant in this case on which

the seizure was made is not a legal warrant in that the complaint upon which it was issued did not sufficiently describe the place where the liquors were kept and deposited.

At the conclusion of the case the claimant asked the court to further rule that the automobile was not the subject of forfeiture unless it was seized while it was being used in the unlawful transportation of intoxicating liquors, and that it could not be seized after it had reached its destination and the end of the course over which it is alleged to have been used in the transportation of liquors as set forth in the complaint, upon which the libel is founded; second, that the evidence did not warrant the conclusion that the automobile was seized while it was being used in transporting the liquors over and along the course described in the complaint; third, that the automobile was seized after it had ceased being used to transport liquors over and along the course described in the complaint and for that reason was not the subject of forfeiture under Chapter 63 of the Public Laws of 1921. To the refusal of the court to so rule exceptions were taken.

It is to the issues raised by these exceptions that this court is confined. If the complaint, warrant and libel or either of them is defective in other particulars, the claimant does not seek by his bill of exceptions to take advantage of it. In his relief sought in this court he must be confined to his bill of exceptions and must be held to have waived all other defects, *Harwood* v. *Siphers*, 70 Maine, 464; *Verona* v. *Bridges*, 98 Maine, 491; *Lenfest* v. *Robbins*, 101 Maine, 176, 179.

These proceedings relate only to the forfeiture of the automobile, the seizure of which the statute above referred to authorizes while being used in the unlawful transportation of intoxicating liquors as defined therein.

As stated above, the respondent in the other case, who is the claimant in this, was not charged with unlawfully having liquors in his possession, nor is the seizure of the automobile based upon the ground that intoxicating liquors were unlawfully kept and deposited in it, but were being transported in it intended for unlawful sale. The grounds of the seizure set forth in the second count of the complaint on which the warrant of seizure was issued are undoubtedly insufficient, but not for the reason stated in the claimant's first exception. The legality of the seizure is not submitted to this court except upon the points raised in the claimant's bill of exceptions.

The other three exceptions of the claimant all relate to the same question: As to whether, or under what conditions, if any, an automobile can be seized which admittedly has been engaged in the unlawful transportation of intoxicating liquors, but has reached its destination as defined in the complaint, the liquors still remaining in the car. It may be noted, however, that the count in the complaint setting forth the seizure and the grounds therefor does not define the limits of the unlawful transportation, and the evidence clearly discloses that the automobile as a matter of fact had not reached its final destination, but was still being used when seized to transport intoxicating liquors at least from Kennebunk to Biddeford. But assuming the limits were defined as in the first count we think these exceptions should not be sustained.

It may well be that after transportation is ended, a vehicle cannot be seized because it had been used in the unlawful transportation of intoxicating liquors. An automobile cannot be seized under this statute because the week before it was used to unlawfully transport intoxicating liquors; yet an automobile which has reached the end of its journey, but is not unloaded, that is, its load still remains to be delivered, may still be considered as being used for the transportation of the contraband cargo. This is a question of fact for the jury under proper instructions.

It would be a too narrow construction to put upon this statute to say that the moment a vehicle draws up to its final destination it is no longer being used in transportation. The evidence in this case, even if the seizure could be said to be based upon the first count, which we think it cannot, was properly submitted to the jury, and, as we must assume, under proper instructions. The exceptions taken by the claimant in the proceedings upon the libel must, therefore, be overruled.

The entry, therefore, in the case against the respondent Chorosky will be:

> *Exceptions overruled.*
> *Judgment for State.*

And in the case of *State* v. *Buick Automobile*:

> *Exceptions overruled.*
> *Automobile ordered forfeited*
> *to the County of York.*