# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## J. B. EDMONSON v. COMMONWEALTH.

### January 15, 1925.

1. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Essential that the Vehicle Contain Liquor at the Time when Seized.*—The Mapp act, section 57, as amended by acts 1922, page 345, without reference to the illegal use to which the vehicle may have been put, makes the right of forfeiture depend upon the officer finding ardent spirits in the same, or upon proof that demonstrates beyond a reasonable doubt that ardent spirits were contained in the vehicle immediately prior to its seizure.

2. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Essential that the Vehicle Contain Liquor at the Time when Seized—Information—Demurrer.*— The information in the instant case, a proceeding for the forfeiture of an automobile, did not allege that ardent spirits were found in the automobile when the same was seized by the officer. On the contrary, it is alleged that on the 19th day of April, 1924, the said automobile contained twenty-four and one-half gallons of corn whisky, while the date of the seizure of the automobile is alleged to be the 20th day of April, 1924.

   *Held:* That the trial court erred in overruling a demurrer to the information.

3. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Essential that Vehicle Contain Liquor at the Time when Seized.*—The language of the Mapp act, section 57, as amended by Acts of 1922, page 345, contemplates a present transportation. The words "are being illegally transported," "found therein" and "are being transported for an illegal purpose," denote clearly a legislative intent to deal with present violations and not past offenses.

4. INTOXICATING LIQUORS—*Construction of Mapp Act—Extension of Section 57 to Past Transactions.*—While under section 58 of the prohibition law the provisions of that law are to be liberally construed, and it is the purpose of the Supreme Court of Appeals to carry out the intent of the legislature in the construction of this act as far as possible, and to ignore technicalities where the merits of the case warrant, yet to construe section 57 of the act in regard to forfeiture of vehicles to past transportations would be carrying liberality to the point of prodigality.

Error to a judgment of the Circuit Court of Charlotte county.

*Reversed.*

The opinion states the case.

*William Leigh, Jr.,* for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

CAMPBELL, J., delivered the opinion of the court.

This is a proceeding for the forfeiture of an automobile under the provisions of an act of the General Assembly, commonly known as the Mapp act (Laws 1918, chapter 388), which went into effect in the year 1918.

On May the 5th, 1924, that being the first day of the May term of the Circuit Court of Charlotte county, the attorney for the Commonwealth for said county filed an information pursuant to the said act, praying that a certain touring car be forfeited. Omitting the formal parts, the information filed is as follows:

"1. That on the 20th day of April, 1924, J. C. Priddy, who was then sheriff of the county of Charlotte, duly qualified and acting as such, seized a certain automobile, to-wit, a Ford touring car, color black, motor No. 9481176, and bearing no license for the State of Virginia for the year 1924.

"2. That the said automobile on the 19th day of April, 1924, was being driven along the public highway of the county of Charlotte, in said county in the State of Virginia, and that said automobile then and there contained twenty-four and one-half gallons of corn

whiskey, which was carried and transported in the body of said automobile.

"3. That said corn whiskey so contained and transported in said automobile was then and there being unlawfully transported in said county, and said automobile was then and there in the possession of and being driven by one Shirley Edmondson.

"4. That all and singular the above premises are true and the case stated is within the jurisdiction of this court."

The plaintiff in error, who claimed to be the owner of the car, filed a general demurrer to the information, which demurrer being overruled, an answer was filed and exception taken to the action of the court in overruling the demurrer.

[1] The sole question presented to this court for determination is whether there was error committed by the trial court in overruling the demurrer to the information. It is contended, under the assignment of error, that the essential requisite to the forfeiture of a vehicle is that ardent spirits shall be found in said automobile at the time the same is seized by the sheriff, or that the officer must see the ardent spirits taken from the car.

Section 57 of the Mapp prohibition law, as amended by Laws 1922, chapter 345, contains all the statute law applicable to this case, and reads as follows:

"When any officer charged with the enforcement of this law shall have any reason to believe that ardent spirits are being transported in any wagon, boat, buggy, automobile, or other vehicle, whether of like kind or not, contrary to law, he shall have the right and it shall be his duty to search such wagon, boat, buggy, automobile, or other vehicle, and to seize any and all ardent spirits found therein which are being transported con-

trary to law. Whenever any ardent spirits which are being illegally transported, or are being transported for an illegal use, shall be seized by an officer of the State of Virginia, he shall also take possession of the vehicle and team, or automobile, boat or any other conveyance, other than a conveyance owned and used by a railroad, steamboat or express company, but this proviso shall not apply to barges, tugs or small craft owned and operated by such railroad or steamboat companies in which such liquor shall be found, and turn the same over to the sheriff of the county, or sergeant of the city in which such seizure shall be made, and such vehicle and team, automobile, boat or other conveyance shall be forfeited to the Commonwealth; and shall report the seizure to the attorney for the Commonwealth of the county or city in which such seizure shall be made, and to the Commissioner in writing, and the attorney for the Commonwealth shall file any information in the name of the Commonwealth against such vehicle and team, automobile, boat, or other conveyance by the name or general designation. * * * * *

This court has construed this section in the following cases: *Landers* v. *Commonwealth*, 126 Va. 780, 101 S. E. 778; *Buckholz* v. *Commonwealth*, 127 Va. 794, 102 S. E. 760; *Pennington* v. *Commonwealth*, 127 Va. 803, 102 S. E. 758; *Mason* v. *Commonwealth*, 137 Va. 819, 120 S. E. 133.

In each of these cases, however, the automobile forfeited was seized by the officer upon finding ardent spirits therein, and hence throw no light on the question here involved. No authority has been cited by the plaintiff in error to sustain his contention, nor has any authority been found by the Attorney-General which meets the precise question.

The authority relied on by the Commonwealth is the case of *Williams* v. *State*, 27 Ga. App. 224, 107 S. E. 620, and the case of *Doster* v. *State*, 25 Ga. App. 723, 104 S. E. 642, where it was held that an automobile alleged to have been *used* in the illegal transportation of ardent spirits is subject to condemnation on proof that a short time prior to its seizure it was *used* in the illegal transportation of liquor, though there was no evidence, that any intoxicants were found in the automobile at the time of seizure.

The cases are not in point. So far as applicable to the question under consideration, the Georgia statute reads:

"All vehicles and conveyances of every kind and description which are *used* on any of the public roads or private ways of this State * * * in conveying any liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff * * * * . Should it appear upon the trial of the case that said vehicle * * * was so used with the knowledge of the owner or lessee, the same shall be sold by order of the court * * * ." Laws 1917 (Ex. Sess.) page 16, section 20.

By comparing this statute with the Mapp act a most essential difference will be observed. A violation of the Georgia statute depends upon the *use* of the automobile in conveying liquors illegally over the public or private roads or ways of the State. The finding of ardent spirits in the car is in no sense a part of the offense, the gist of the ground of forfeiture being the illegal use to which it is put.

On the other hand, the Mapp act, without reference to the illegal use to which the automobile may be put, makes the right of forfeiture depend upon the officer finding ardent spirits in the same, or upon proof that

demonstrates beyond a reasonable doubt that ardent spirits were contained in the automobile immediately prior to its seizure by the officers.

In the case of *State* v. *Chorosky*, 122 Me. 283, 119 Atl. 662, decided by the Supreme Court of Maine, the court said, in passing upon a forfeiture statute:

"It may be well that after transportation is ended a vehicle cannot be seized because it had been used in the unlawful transportation of intoxicating liquors. An automobile cannot be seized under this statute because the week before it was used to unlawfully transport intoxicating liquors * * *."

[2] The information in the instant case does not allege that ardent spirits were found in the automobile, when the same was seized by the officer. On the contrary, it is alleged that on the 19th day of April, 1924, the said automobile contained twenty-four and one-half gallons of corn whiskey, while the date of the seizure of the automobile is alleged to be the 20th day of April, 1924.

[3] It will be noted that the language of the act contemplates a present transportation. The words "are being illegally transported," "found therein" and "are being transported for an illegal purpose," denote clearly a legislative intent to deal with present violations and not past offenses. Also the words "in which such liquors shall be found," contained in the clause excepting barges, tugs, or small craft owned and operated by railroad or steamboat companies, to our mind point to a present violation rather than a past one.

Had the legislature intended the act to apply to past transportation of ardent spirits it would have said so in unmistakable language. This could have been done by inserting the language, "all vehicles and conveyances of every kind and description which are *used* in

illegally transporting ardent spirits," shall be forfeited, etc.

[4] It is contended that by reason of the provisions of section 58 of the prohibition law, which is as follows:

"This entire act shall be deemed an exercise of the police power of the State for the protection of the State, for the protection of the public health, peace and morals, and the prevention of the sale and use of ardent spirits, and all of its provisions shall be liberally construed to effect these objects," that section 57, should receive a liberal construction. It is the purpose of this court to carry out the intent of the legislature in the construction of this act as far as possible, and to ignore technicalities where the merits of the case warrant. But to invade the legislative domain and enact laws, instead of construing them, would be treading upon dangerous ground. To give to the statute under consideration any other construction than the one we have given it would be carrying our liberality to the point of prodigality.

For the error of the trial court in not sustaining the demurrer to the information, the judgment will be reversed and the case remanded to the trial court, with leave to the attorney for the Commonwealth to file a new information therein if he shall be so advised.

*Reversed.*