Allen, J.
 

 Under Section 6212-43, General Code, when a vehicle which has been used for the transportation of intoxicating liquors in violation of law
 
 *238
 
 has been seized by the duly constituted authorities of a municipality, and the mayor’s court has ordered a sale by public auction of the property seized, and a sale has been held without public notice, can the mortgagee of such vehicle foreclose his mortgage upon the vehicle so seized and sold and thereby establish a lien prior to the title of the buyer at the public auction? This is the question of moment involved in this case.
 

 The statute principally involved in our consideration of this question is Section 6212-43, General Code, which is as follows:
 

 ‘‘When the commissioner of prohibition, his deputy, inspectors, or any officer of the law, shall discover any person in the act of transporting in violation of law, intoxicating liquors in any * *
 
 *
 
 automobile, * * * it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer named herein, he shall take possession of the * * * automobile, * * * and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the law of the state prohibiting the liquor traffic, in any court having jurisdiction under such law, but the said vehicle * * * shall be returned to the owner upon execution by him of a good and valid bond with sufficient sureties, in a sum equal to the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial'to
 
 *239
 
 abide' by the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being
 
 tona fide
 
 and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall distribute the balance as is distributed money arising from fines and forfeited bonds under the law of the state prohibiting the liquor traffic.
 

 “All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property. If, however, no one shall be found claiming the * * * automobile, * * * the taking of the same, with a. description thereof, shall be advertised in some newspaper published in the city or county where taken, or if there is no newspaper published in such city or county, in a newspaper having circulation in the county, once a week for four weeks and by hand bills posted in three public places near the place of seizure, and if no claimant shall appear within ten days after the last publication of the advertisement, the property shall be sold and the proceeds after
 
 *240
 
 deducting the expense and costs shall be distributed as hereinbefore provided in case there was a claimant for the said vehicle or conveyance.”
 

 The main contention of the plaintiffs in error is that the judgment of the Court of Appeals herein gives to the investment company the right to do the very thing denied it by statute, namely, the right to recover possession of the car. The defendant in error, on the other hand, contends that since it is innocent of wrongdoing, and had no knowledge of the use of the car for the illegal sale of intoxicating liquors, it is entitled to possession of the car and has a lien upon the car itself, instead of being remitted to the fund secured from the sale.
 

 In order to decide these questions we must consider whether under the statute it is the owner’s interest in the automobile which is sold, or the automobile itself, and whether the lack of knowledge upon the part of the mortgagee that the machine was being used in violation of law avoids the sale as to the mortgagee.
 

 Turning to the statute, we find that it provides, General Code, Section 6212-43, that “the court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized * *
 

 Under the plain wording of this statute, which could not be more express, it is the property which is sold, and not the interest of the owner, and hence the decisions which hold that under a
 
 *241
 
 statute forfeiting the owner’s interest only, the mortgagee’s interest cannot be cut off where the mortgagee has not known of the illegal use of the vehicle, such as
 
 Boles
 
 v.
 
 State,
 
 77 Okl., 310, 188 P., 681;
 
 Seignious
 
 v.
 
 Limehouse, Sheriff,
 
 107 S. C., 545, 93 S. E., 193;
 
 State
 
 v.
 
 Davis,
 
 55 Utah, 54, 184 P., 161;
 
 Wise
 
 v.
 
 State,
 
 204 Ala., 84, 85 So., 266; and
 
 State ex rel. Green
 
 v.
 
 Bird,
 
 62 Mont., 408, 205 P., 242, do not apply. Here it is the automobile itself which is sold, and not merely the interest of the owner, and the proceeding is
 
 in rem
 
 against the vehicle itself. The word “forfeit” is no| used in the statute, and the interest of the mort4 gagee is not forfeited, but the mortgagee is compelled to look to the proceeds of the sale rather than to the vehicle itself for his reimbursement.
 

 The question then arises as to what rights are possessed in such a proceeding
 
 in rem
 
 by the seller of an automobile, who has delivered possession to the buyer, received a chattel mortgage to secure him for the purchase price, and knowingly handed the vehicle into the buyer’s custody and control. It is generally held that under such circumstances the seller and mortgagee is not entitled to recover the automobile, although without knowledge that the vehicle was used in violation of law.
 

 In
 
 White Auto Co.
 
 v.
 
 Collins,
 
 136 Ark., 81, 206 S. W., 748, 2 A. L. R., 1594, it was held that the seller of an automobile, who delivered possession to the buyer, but retained title until payment, was not entitled to recover, the automobile, which had been forfeited under the acts of 1917, because it had been'used by the buyer unlawfully to trans
 
 *242
 
 port intoxicants into the state, though payment had not been made, and the seller understood the car was to be used for an innocent purpose.
 

 State
 
 v.
 
 Peterson,
 
 107 Kan., 641, 193 P., 342, declared that the provisions of Section 4, ch. 217, Laws of 1919, do not show an intent to protect from forfeiture the interest of a holder in good faith of a mortgage on an automobile used in transportation of intoxicating liquors, which has been declared a common nuisance and ordered sold.
 

 In
 
 State
 
 v.
 
 Stephens,
 
 109 Kan., 254, 198 P., 1087, it was held that under chapter 217, Laws of 1919 (Kansas), which declares that automobiles used in the unlawful transportation of intoxicating liquors are common nuisances, and provides for their condemnation and forfeiture, the interest of an innocent holder of a chattel mortgage on an automobile used in violation of the statute is not to be preserved from such condemnation and forfeiture. The forfeiture of such interest is merely an incident to the proper and effective execution of the forfeiture declared by the statute.
 

 King
 
 v.
 
 Commonwealth,
 
 127 Va., 800, 102 S. E., 757, decided that an automobile used in the illegal transportation of liquor will be forfeited to the state, under the acts of 1918, notwithstanding a claim of purchase-money lien on the automobile in favor of a third party, who had no notice of such illegal use.
 

 It is also held that under such circumstances the lien of the seller does not have priority over the lien of the state.
 

 See
 
 Pennington
 
 v.
 
 Commonwealth,
 
 127 Va., 803,
 
 *243
 
 102 S. E., 758, in which it was held that an automobile used for illegal transportation of intoxicating liquor will be forfeited to the state, notwithstanding it is subject to a recorded lien for money-loaned; the lien being subordinate to the commonwealth’s right to have the automobile forfeited.
 

 Robinson Cadillac Motor Car Co.
 
 v.
 
 Ratekin,
 
 104 Neb., 369, 177 N. W., 337, held that the Laws of 1917, as amended in 1919, contemplate the forfeiture of vehicles that are used in the unlawful transportation of liquors where their owners and lienors have voluntarily parted with the possession thereof.
 

 A case which covers this entire question with illuminating discussion is the case of
 
 State
 
 v.
 
 Paige Touring Car,
 
 120 Me., 496, 115 A., 275. This was a proceeding by the state to forfeit a touring car engaged in unlawful transportation of intoxicating liquors. The Knight Automobile Company appeared and filed claim to the automobile. The car was held forfeited to the county subject to the rights of the claimant.
 

 In the opinion it is said: “It would also render such a statute practically impotent to give it a construction under which a claimant, however small, having established his lack of knowledge of or consent to the unlawful use, could by the proof of his claim rescue also the interests of the guilty therein from the operation of the law. Otherwise an automobile worth several thousand dollars might be put to such unlawful use without fear of forfeiture by the owner placing a mortgage thereon to secure some small indebtedness, or, in ease of
 
 *244
 
 purchase for use in such unlawful traffic under a lease or conditional sale agreement, by paying all but a small amount, obtain protection against forfeiture, * * *. While it is clear that the Legislature intended to protect the rights of innocent parties, it is equally clear that the real purpose of this act was to subject the property of the guilty to forfeiture.”
 

 Since the statute in this case is explicit that it is the property itself which is sold and not the interest of the owner, the reasoning of the above authorities applies, and the seller and mortgagee is not entitled to possession of the automobile which has been seized; and where the sale is valid the lien of the original seller and mortgagee is subordinate to the lien of the buyer.
 

 It is claimed that under this construction the statute is not constitutional. However, we have not here a question of forfeiture of the interest of -the mortgagee. The mortgagee still retains his lien, but under the statute he is required to look to the proceeds of the sale rather than to the vehicle itself. Statutes of this nature, providing for the sale of property used in violation of criminal statute, are generally held to be constitutional as being within the police power. The reasons are excellently expressed in
 
 State
 
 v.
 
 Peterson, supra.
 
 The court says:
 

 “Doubtless the Legislature realized that any provision for the protection of a lien of a mortgagee would open the door to collusion, and afford a ready means of evading the law. How readily such a provision might be used for defeating the purpose
 
 *245
 
 for which the law was enacted is apparent, when we consider that any person desiring to engage in illegal transportation of intoxicating liquors could, by placing an incumbrance upon an automobile, minimize the financial investment and hazard of the business.”
 

 If the sale be valid, obviously the buyer secures good title to the car under the statute. We then have to consider whether the sale in question was valid.
 

 The Court of Appeals found that the sale was constructively fraudulent. The record shows that the public service director of the city of Findlay, as auctioneer, sold the car, and that it was bought in by the public service director for the city itself. The record also shows that the car was practically new, that it was sold for $100 cash, and that there was no advertisement of the sale. The statute provides for advertisement only in case that no claimant is found. In this case a claimant was found, and so the provision for advertisement in a newspaper of the city or county once a week for four weeks, and by handbills, does not here apply. However, the statute does provide for sale by “public auction.”
 

 Now a sale by “public auction” necessarily means a sale of which some notice has been given. Unless notice is given of the sale, the fact that it is held in a public place does not render it accessible to the public. Freeman on Executions states:
 

 “Inasmuch as the sale is generally required to be public, it has also the requirement that due
 
 *246
 
 public notice shall be given of the proposed sale in order to attract purchasers. Without due notice, which usually means by publication in newspapers, there is not much use in having the sale public.”
 

 The fatal objection to this sale is that no public notice whatever was given as to the time and place where it would be held. Hence we are compelled to hold the sale invalid. Even though the sale is set aside, however, the automobile still remains in the city’s possession, rightly in its possession under the judgment of the mayor’s court, in conviction of Howard Sharp, the owner, and under the order of sale.
 

 The statute provides that all liens shall be paid out of the proceeds of the sale, according to their priorities, which are established by intervention or otherwise at the hearing, or in a “proceeding brought for said purpose.” There is no time limit upon the bringing of the “other proceeding.” The petition for foreclosure in the instant case hence constitutes another proceeding brought for the purpose of establishing the lien of the chattel mortgage.
 

 The Associates Investment Company has established its lien in the proceedings for foreclosure, and this lien is to be paid out of the funds which shall be realized from a legal and valid sale.. The judgment of the lower courts was correct in holding that the sale was fraudulent and void, but incorrect in holding that the mortgagee has a lien upon the property itself prior to the lien of the city. The mortgagee is to look only to the proceeds of
 
 *247
 
 the sale. Judgment of the Court of Appeals modified, and affirmed.
 

 Judgment modified, and affirmed as modified.
 

 Marshall, C. J., Matthias, Day and Robinson, JJ., concur.
 

 Jones and Kinkade, JJ., concur in proposition 2 of the syllabus and in the judgment.