**Allene DENTON, Plaintiff in Error,**

v.

**Leroy FLINCHUM, Sheriff of Pottawatomie County, Oklahoma, Defendant in Error.**

No. 36385.

Supreme Court of Oklahoma.

June 21, 1955.

Shelton Skinner, Shawnee, for plaintiff in error.

Lloyd H. Henry, County Attorney of Pottawatomie County, Shawnee, for defendant in error.

WELCH, Justice.

Allene Denton filed suit in replevin in district court against Leroy Flinchum, Sheriff of Pottawatomie County, averring her ownership and right to possession of a certain automobile held by the defendant. Pursuant to writ, the custody of the automobile was taken from the defendant and given to the plaintiff.

The defendant filed answer, therein stating that he had taken custody of the automobile under and by virtue of a warrant and order issued by the County Court of

Pottawatomie County, and out of an action pending in said court, and wherein the said automobile is the subject-matter of the action; and for said reason the automobile should be returned to his possession, as a custodian of the said county court and that the plaintiff's action should be dismissed.

The plaintiff filed reply therein stating that the files and records of the said county court, upon their face, reflect a complete invalidity of all proceedings had therein and thereunder as pertains to the said automobile.

Trial of the replevin action was to the court. There was no dispute as to the facts.

It was admitted that the plaintiff is the owner of the automobile and was the owner at the time the defendant had taken custody of it.

Prior to the time the defendant had taken possession of the automobile the County Attorney of Pottawatomie County had filed an information and pleading in county court wherein the State is named as plaintiff, and the certain automobile is named as defendant.

In the said information and pleading it is stated that on a certain prior date the certain described automobile was unlawfully used by an unknown person in transporting several cases of intoxicating liquor from a certain point in said county; that said automobile has not been seized, and that said automobile should be brought into court for the purpose of obtaining judgment, that the same be confiscated and forfeited to the State.

The County Judge issued an instrument or warrant in substance reciting that the automobile is accused of having committed the crime of transporting liquor and commanding the arrest of the automobile, and that it be brought before him at the county seat.

The sheriff of the county, the defendant herein, armed with said warrant, took possession of the automobile and brought it to said county seat where he maintained the custody of it until it was taken under the writ of replevin issued in the instant proceeding.

Judgment was for the defendant and against the plaintiff and for the immediate return of the possession of the automobile to the defendant, or in lieu thereof, its value as fixed in a certain sum.

The plaintiff has perfected an appeal.

The contention here is that the warrant or the order for the arrest or seizure of the automobile was wholly void for want of jurisdiction of any court to make or issue such order or warrant, and that otherwise than under such void process the defendant had no authority to seize and withhold the plaintiff's automobile, and claimed none.

█ Beyond question, the state, in the exercise of its police power, may seize and forfeit property used in violation of the liquor laws, but such seizure and forfeiture cannot be made by officers or agents of the state except under authority of a statute conferring such power.

In this state there are two sections of statute which authorize seizure of property used in violation of the liquor or prohibition laws.

37 O.S.1951 § 84 provides:

"If it shall be made to appear to any judge of any court of record or any justice of the peace that there is probable cause to believe that liquor, the sale of which is prohibited by this act, is being manufactured, sold, bartered, given away, or otherwise furnished, or is being kept for the purpose of being sold, bartered, given away, or otherwise furnished in violation of this act, such judge or magistrate shall, with or without any endorsement of such complaint by the county attorney, issue a warrant, directed to any peace officer, in the county, whom the complainant may designate, commanding him to search the premises described and designated in such complaint and warrant and to seize all such liquor there found, together with the vessels in which it is contained, and all imple-

ments, furniture and fixtures used or kept for such illegal manufacture, selling, bartering, giving away or otherwise furnishing of such liquor, and safely keep the same, and to make return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all property and things seized, of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of said property and things, his return shall so state."

■ Under certain circumstances **a** seizure is authorized without warrant.

37 O.S.1951 § 89 provides:

"When a violation of any provision of this Chapter, shall occur in the presence of any sheriff, constable, marshal, or other officer having power to serve criminal process, it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, and to take the same immediately before the court or judge having jurisdiction in the premises, and there make complaint, under oath, charging the offense so committed, and he shall also make return, setting forth a particular description of the liquor and property seized, and of the place where the same was so seized, whereupon the court or judge shall issue a warrant commanding and directing the officer to hold the property so seized in his possession until discharged by due process of law, and such property shall be held and a hearing and adjudication on said return had in like manner as if the seizure had been made under a warrant therefor."

These statutes empowering and directing the seizure of property used in a violation of the liquor laws clearly contemplate a present violation of the laws and then in the presence of an executive officer or one having power to serve criminal and civil process.

■ Given application to vehicles these statutes authorize seizure only by an officer and only upon a violation of the liquor laws in the presence of the officer.

■ The following statement from 30 Am.Jur., Intoxicating Liquors, §§ 559 and 560, is here adopted:

"A vehicle may not be condemned for use in transporting liquors merely because there is a future purpose so to use it, or because of such illegal use in the past; a present violation of the liquor laws is contemplated. * * *

"Liquor statutes authorizing a seizure and forfeiture of vehicles used in illegal transportation of liquor contemplate a present violation of the laws. * * *"

Forfeiture of vehicles used in illegal transportation of liquor is specifically mentioned in 37 O.S.1951 § 111. The section provides:

"All vehicles, including automobiles, and all animals used in hauling or transporting any liquor the sale of which is prohibited by the laws of this State, from one place to another in this state in violation of the laws thereof, shall be forfeited to the state by order of the court issuing the process by virtue of which such vehicles and animals were seized, or before which the persons violating the law, or the vehicles or animals are taken by the officer or officers making the seizure."

■ Obviously, this section confers power and jurisdiction over property in a court only when there has been a preceding seizure by an executive officer acting under authority of sections 84 and 89, supra. Sections 84 and 89 contain no language clothing any court with jurisdiction and control over property used in a violation of the laws until after its seizure under a search warrant, or without a warrant and by an executive officer. Indeed, we find no statute conferring on a court any power and jurisdiction over property because of its use in a violation of liquor laws until

it has been seized in such violation by an executive officer.

█ In this view the warrant here involved which commands a seizure or arrest of an automobile for a past illegal use in transporting liquor is void on its face, and the defendant was without authority to seize and hold the automobile, the property of the plaintiff.

Accordingly, we find the judgment entered herein is not sustained by evidence, and is contrary to the evidence, and contrary to law.

The defendant argues the judgment as entered for the defendant should be affirmed on a basis that the plaintiff's action should have been dismissed for the reason that the automobile here involved is not subject to replevin because of 37 O.S. 1951 § 86, and for the reason said automobile was in "custodia legis" at the time of commencement of the said action in replevin in the district court.

37 O.S.1951 § 86 provides:

"No liquors, vessels, fixtures, furniture or other property seized by virtue of any warrant issued under the provisions of this Chapter, shall be taken from the possession of the officer seizing the same under any replevin or other process."

█ We have noted above that the automobile here involved was not seized and held by the defendant under authority of law, or under any authorized process or prescribed mandate. Accordingly, though in his actual possession the property was not "seized" or "in custody of the law" within the contemplation of the statute above quoted. Replevin lies to recover property which is held under a void process. 46 Am.Jur., Replevin, § 38. We hold the action was one of proper cognizance by the trial court, but for the reasons above stated, the judgment is reversed.

JOHNSON, C. J., WILLIAMS, V. C. J., and ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

CORN, J., dissents.