**STATE of Missouri, Appellant,**

v.

**Ray BRADY et al., Defendants,
and
Richard J. Lynn, Respondent.**

**No. 55638.**

Supreme Court of Missouri,
Division No. 2.

Nov. 8, 1971.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellant.

No appearance for defendants.

Walter R. Simpson, Kansas City, for respondent.

STOCKARD, Commissioner.

On November 21, 1969, agents of the Missouri Department of Liquor Control seized various containers of intoxicating liquor which were on board the vessel *River Queen* on the basis that the liquor was being sold illegally. Five days later, at a time when it is admitted no violation of the liquor laws was taking place on the *River Queen,* agents of the Department of Liquor Control seized the vessel on the basis of the previous violation.

Pursuant to § 311.840 (all statutory references are to RSMo 1969, V.A.M.S.) the State filed its petition in the Circuit Court of Buchanan County and requested that the seized liquor and the vessel be declared contraband and sold. The liquor was declared to be contraband and was sold, but the court ordered the vessel to be returned to its owners on the basis that there was no violation of the liquor laws at the time of the seizure. We affirm.

Respondents have filed a motion to dismiss the appeal as moot on the basis that subsequent to the notice of appeal the State voluntarily relinquished possession of the *River Queen.* If so, this is not shown by the transcript, but appears in an affidavit filed with the motion to dismiss. The relinquishing of the *River Queen* was made pursuant to a stipulation, the effect of which is not certain. In these circumstances, we overrule the motion to dismiss and rule the case on its merits.

Two sections of the liquor control law must be read together.

Section 311.830. Any intoxicating liquor being transported into, within, or through the state of Missouri in knowing and willful violation of the provisions of sections 311.410 to 311.460, 311.580 and 311.820 to 311.850, and the conveyance in which it is being transported shall be deemed contraband and shall be forfeited to the state of Missouri, and the supervisor of liquor control, or any of his agents and inspectors, and any peace officer of the state of Missouri shall seize

any such liquor and the conveyance in which it is being transported as contraband."

Section 311.840. (4) * * * and if it shall be found by the court that said property was, at the time it was seized, being illegally used and was contraband, as declared by any section of the liquor control law of the state of Missouri, the said property shall be declared to be forfeited to the state of Missouri, * * *.

In determining the meaning and application of the above statutes, the duty of the court is to determine the legislative intent, taking the words used in their "plain or ordinary and usual sense." § 1.-090; Rosedale-Skinker Imp. Assn. v. Board of Adjustment, Mo., 425 S.W.2d 929. However, the provisions of § 311.830, being penal in nature, should be strictly construed and given no broader application than is warranted by their plain and unambiguous terms. City of Charleston v. McCutcheon, 360 Mo. 157, 227 S.W.2d 736, 738.

Assuming that the liquor seized was being "transported" on the *River Queen* within the meaning of the liquor laws, § 311.830 authorizes the seizure of "any such liquor and the conveyance in which it is being transported," and § 311.-840(1) provides for the forfeiture to the State of "said property" [that is, "any intoxicating liquor or other property * * * seized as contraband," § 311.-840(4)] if it shall be found by the court "that said property was, *at the time it was seized,* being illegally used and was contraband." It is stipulated and admitted that at the time the *River Queen* was seized it was not being used in violation of any of the provisions of the liquor laws of this State. Therefore, the *River Queen* was not subject to forfeiture, and the trial court correctly so held. For cases construing similar statutes in other states, and reaching the same result, see Edmondson v. Commonwealth, 141 Va. 404, 126 S.E. 54; Denton v. Flinchum, Okl., 285 P.2d 395;

Boyd v. Christy, 206 Tenn. 304, 333 S.W. 2d 552; Utah Liquor Control Commission v. Wooras, 97 Utah 351, 93 P.2d 455. For comparison of a statute which authorized seizure of property for a previous illegal use, see State v. One Certain Ford Coupé Automobile, 205 Ia. 597, 218 N.W. 346. There the statute provided that "A peace officer who discovers that intoxicating liquor *has been* or is being transported in violation of law," shall seize the liquor and conveyance. In Commonwealth v. One 1939 Cadillac Sedan, 158 Pa.Super. 392, 45 A.2d 406, the statute authorized the seizure of any vehicles " 'which are *or have been used* in the unlawful * * * transportation' * * * of liquor."

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

All of the Judges concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.