# Richmond.

## M. F. SMITH v. COMMONWEALTH.

### January 15, 1925.

1. INTOXICATING LIQUORS—*Relief Against Forfeiture—Innocent Non-Resident Owner—Failure to Register Title.*—In the instant case the lower court erred in holding that it had no right to relieve an innocent non-resident owner of an automobile from forfeiture under subsection 57 of section 4675 of the Code of 1919, because the title to the automobile had not been registered in the office of the Secretary of the Commonwealth of Virginia.

2. AUTOMOBILES—*Registry.*—Section 2, chapter 57, Acts 1919, Extra Session, page 93, as amended by chapter 407 of the Acts of 1920, page 596, which provides for the registration of automobiles in the office of the Secretary of the Commonwealth, has no application to owners of automobiles who are nonresidents of the State of Virginia.

3. INTOXICATING LIQUORS—*Forfeiture of Vehicle—Relief Against Forfeiture.*—Relief of innocent owners of automobiles forfeited for illegal transportation of intoxicating liquors under subsection 57 of section 4675 of the Code of 1919, is conditioned upon it clearly appearing that the illegal use was not with the owner's knowledge or consent, express or implied. That requirement is applicable to all owners, whether residents or nonresidents of the State, but the additional requirement, with regard to registration of title, is applicable to and is imposed upon such owners only as could, "as provided by law," have complied therewith; namely, owners who are residents of the State of Virginia.

Error to a judgment of the Circuit Court of Pittsylvania county.

*Reversed and Final Judgment.*

This is a proceeding in which an automobile owned by the plaintiff in error, M. F. Smith, was forfeited under the provisions of subsection 57 of section 4675 of the Code, as amended by Acts 1922, page 573.

The agreed facts and the proceedings in the court below were as follows:

M. F. Smith, the plaintiff in error, was, at the time of the occurrences hereinafter mentioned, a man of good reputation, long a resident of Raleigh, North Carolina; engaged in the automobile business there under the style of the Raleigh Transfer Company. His business was the renting of cars for the use of persons who applied therefor, the automobile to be driven by the person who rented it and to be paid for at a fixed rate charged per mile.

On the 19th day of December, 1923, Arcus Thompson, who had previously proven to be a satisfactory customer, applied for the use of a Packard twin six automobile, worth at least $1,500.00, stating to Smith that he desired to use said car to take two young ladies to Ashboro, North Carolina, a distance of approximately eighty-five miles from Raleigh, said trip to Ashboro and return to Raleigh being wholly within the State of North Carolina.

Arcus Thompson, so far as Smith or his employees knew, bore a good reputation. He was married, had a family. He was born and reared in Wake county, North Carolina, and was then employed as mechanic's helper by the Seaboard Air Line Railway.

Smith was without the slightest information or suspicion that said automobile would be used for illegal purposes.

The car was turned over to Arcus Thompson under this rental agreement, but Thompson did not return with the car at the time he was expected. Upon making inquiry some days later Smith learned, through the police department at Raleigh, that a car bearing the description of his had been captured in Pittsylvania county, Virginia. Smith immediately left Raleigh with his counsel, and, upon investigation, located the automobile in the hands of J. A. Hodnett, sheriff of Pittsylvania county, and learned that said automobile

had been captured in Pittsylvania county, containing a considerable quantity of ardent spirits.

The driver of said car had escaped and his identity was unknown to the officers who captured the car. Smith immediately disclosed all of the information he had with reference to the driver of the car; gave bond in the penalty of $3,000.00, with a surety company as surety thereon; took possession of said car and carried it back to Raleigh. Before leaving Virginia Smith obtained from the proper authorities a warrant for Arcus Thompson, carried this warrant back to Raleigh, had Arcus Thompson arrested and confined in jail, and notified the attorney for the Commonwealth and the sheriff of Pittsylvania county. Smith prevailed upon Arcus Thompson to return to Pittsylvania county without requisition papers, and offered to return to Pittsylvania county free of cost to the State of Virginia to testify against said Arcus Thompson for the violation of the prohibition laws of Virginia.

Said Arcus Thompson remained in jail in Raleigh for twelve days. The Virginia authorities failing to send for him, he obtained his discharge under the North Carolina law.

The laws of North Carolina require that every owner of automobiles residing in the State of North Carolina shall register same with the Secretary of State and obtain proper certificate as to the title thereof. Smith had fully complied with every requirement of the North Carolina law, had duly registered his car with the Secretary of State of North Carolina, and had in his possession certificate thereof, which was exhibited to the court. Smith had not registered the title to the car with the Secretary of the Commonwealth of Virginia.

Said car having been turned over to the sheriff of Pittsylvania county, he, in due course, notified the

Commonwealth's attorney, and the Commonwealth's attorney filed proper information under the statute of the forfeiture of the automobile and its contents.

Smith appeared in due time, filed an answer under oath which set out the above facts, and the attorney for the Commonwealth filed a demurrer to said answer, which demurrer set out the following:

"That he agrees with the said M. F. Smith to waive the taking of evidence in court and agrees that the statement of facts as contained in said petition may be treated as the evidence in this cause, but he demurs to said petition and answer  *  *  and assigns as grounds of his demurrer  *  *  that it must appear that said innocent owner has perfected his title to the vehicle, if the same be an automobile, by proper transfer in the office of the Secretary of the Commonwealth as provided by law.   Unless this is true, the court does not have the right to relieve the owner from the forfeiture of said automobile."

It being an admitted fact that the title to this car was registered with the Secretary of State of North Carolina; that Smith was not a resident of the State of Virginia and had not registered the title to said car with the Secretary of the Commonwealth of Virginia; Smith joined in this demurrer and the court, upon consideration of same, entered its final order on the 7th day of April, 1924, which, so far as material to be stated, was as follows:

"The court having considered the facts as stated in the petition as evidence in this cause, doth adjudge and order that the demurrer of the attorney for the Commonwealth be sustained, for the reason that it appears that while title to said Packard automobile has been registered with the Secretary of the State of North Carolina, the court is of the opinion that before the court has the right to relieve the owner of said for-

feiture, it must appear that the title to said automobile has been registered in the office of the Secretary of the Commonwealth of Virginia as provided by law."

*Harris & Harvey*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General,* and *Lewis H. Machen, Assistant Attorney-General,* for the Commonwealth.

SIMS, P., after making the foregoing statement, delivered the following opinion of the court:

The provisions of the statute (Code, 1919, subsection 57 of section 4675), under which the forfeiture involved was had, so far as material, are as follows:

"And provided further, that whenever a quantity of ardent spirits is illegally transported in any automobile or other vehicle and it shall appear to the satisfaction of the court from the evidence that the owner  *  *  of such vehicle  *  *  was ignorant of the illegal use to which the same was put, and that such illegal use was without his connivance or consent, express or implied,  *  *  *and that said innocent owner has perfected his title to the vehicle, if the same be an automobile, by proper transfer in the office of the Secretary of the Commonwealth, as provided by law,* then such court shall have the right to relieve such owner or lienor from the forfeiture herein provided."    (Italics supplied.)

[1, 3] The question presented for decision by the assignment of error is as follows:

1. Did the court below err in holding that it had no right to relieve the owner from the forfeiture aforesaid, because the title to the automobile had not been registered in the office of the Secretary of the Commonwealth of Virginia?

The question must be answered in the affirmative.

The record shows that this is a case in which it was made to appear to the satisfaction of the court from the evidence that the owner of the automobile involved was ignorant of the illegal use to which the same was put, and that such illegal use was without his connivance or consent, express or implied. This being so, the owner was, under the provisions of the statute above quoted, entitled to have the automobile relieved from the forfeiture, unless the provisions of the statute which we have italicised, concerning the additional requirement therein mentioned, are applicable to the owner in the instant case. . The additional requirement mentioned is the registration (or recordation) of the title in the office of the Secretary of the Commonwealth, required by section 2 of chapter 57 of Acts of 1919, page 93, as amended by chapter 407 of Acts of 1920, page 596, which provides as follows:

"Before the operation of any motor vehicle the owner shall file with the Secretary of the Commonwealth for recordation in that office a statement showing the number of the motor or engine, name of the manufacturer, when and from whom purchased and the address of such seller and purchaser. The owner of every motor vehicle in this State, whether the said motor vehicle is in use or not, shall have the title to same recorded with the Secretary of the Commonwealth, and no motor vehicle shall be purchased or sold until the title has been so recorded, provided, that this requirement shall not apply to new machines in the hands of a licensed dealer and handled by said dealer as a representative of the manufacturer."

Upon consideration of this section, and of the whole of the statute of which it is a part, we are of opinion that it has no application to owners of automobiles who are nonresidents of the State of Virginia. Hence, prior to and at the time of the proceedings in the instant case,

there was no provision of law under which the owner in the instant case, being a nonresident of the State, could have registered (or recorded) the title to the automobile in question in the office of the Secretary of the Commonwealth. And since the statute on the subject, first above quoted, uses the language "as provided by law," in its designation of the aforesaid additional requirement with respect to the registration (or recordation) of title, we are of opinion that the statute has no application to the instant case.

To hold otherwise would be to hold that while by its very terms it provides that the court may release owner's of automobiles from the forfeiture upon certain conditions, the statute has included among those conditions one which, in the case of such an owner in the instant case, was impossible of performance. We cannot think that such is the meaning of the statute.

On the contrary, we think that the gravamen of the requirements of the statute, upon which it conditions the aforesaid relief of owners, is that it must clearly appear that it was not with their knowledge or consent, express or implied, that the vehicle was put to the illegal use; that that requirement is applicable to all owners, whether residents or nonresidents of the State; but that the additional requirement aforesaid, with regard to registration (or recordation) of title, is applicable to and is imposed upon such owners only as could, "as provided by law," have complied therewith; namely, owners who are residents of the State of Virginia.

The case must, therefore, be reversed, and this court will, under the statute (Code section 6365), render final judgment, relieving the owner, M. F. Smith, from the forfeiture aforesaid, provided he shall comply with the requirements of the statute as to payment of costs.

*Reversed and final judgment.*